### LIEBLING v. FLORIDA REALTY INV. CORPORATION et al.

(District Court, S. D. Florida.   June 18, 1926.)

No. 385.

**1. Equity** ⬷⟶148(4).

In a bill against a corporation for specific performance of a contract, complainant cannot join a claim against an individual defendant for damages for breach of warranty of his authority, as agent, to make the contract.

**2. Specific performance** ⬷⟶106(1).

To a suit against a corporation for specific performance of a contract its stockholders are not proper parties.

In Equity. Suit by Abraham M. Liebling against the Florida Realty Investment Corporation and others, its stockholders. On motion by individual defendants to dismiss bill as to them, and by defendant corporation to strike out certain parts of the bill. Both motions granted.

Kay, Adams, Ragland & Kurz, of Jacksonville, Fla., for complainant.

E. J. L'Engle, J. W. Shands, M. H. Long, and H. P. Osborne, all of Jacksonville, Fla., and Floyd L. Knight, of Miami, Fla., for defendants.

CALL, District Judge. The complainant filed his bill against the defendant corporation and the individual stockholders of said corporation, seeking the specific performance of a contract to sell certain real estate, the property of the corporation. The contract of sale or option was made and signed by the president of the corporation. Subsequently, but before the expiration of the time given for the exercise of the option, notice on behalf of some of the stockholders was given the president and the complainant that said stockholders were opposed to the sale; that the property then contracted to be sold was substantially all of the property owned by the corporation. The time was extended by the president, and a meeting of the stockholders was called, at which meeting the holders of 404 shares of stock voted to consummate the sale, and the holders of 96 shares voted against it. Whereupon the defendant corporation refused to carry out the option agreement.

The bill alleges facts showing the exercise of said option within the time limited. The bill alleges that the particular real estate was not all the property of the defendant corporation, and the sale of it would not work a forfeiture of its franchise. It then charges that in any event, under chapter 7933 of the Laws of Florida of 1919, the action of the stockholders was sufficient to bind the corporation. It further shows that the defendant corporation was organized in 1914. The bill also charges that the president made the representation that he was fully empowered to make and execute the agreement of option, and prays that, in the event specific performance cannot be decreed, the president be made to respond in damages individually.

Laura A. Bettes, James J. Bettes, Emma R. Williams, Mattie O. Drew, individually and as executrix of the estate of George F. Drew, H. Plant Osborne, and Arthur T. Williams (the president), individual stockholders, defendants, moved to dismiss the bill as to them. The corporation defendant moved to strike certain portions of the bill of complaint and also the third prayer, based upon the allegation of the individual responsibility of Arthur T. Williams, the president.

[1] The cause came on for a hearing upon these motions. The decision of the motion of the corporation defendant depends upon the decision of the question whether the complainant can, in his bill seeking specific performance, join a claim against an individual defendant for a breach of warranty as to his power as agent to make the contract sought to be specifically performed. I am of opinion that he cannot, and that the motions to strike the particular portions of the bill and the third prayer will have to be granted.

[2] The next question on the motions of the individual defendants is: Can they be joined as defendants with the corporation in the bill seeking specific performance of the contract of the corporation? As I understand the contention of complainant, the stockholders are proper and necessary parties because,

under chapter 7933, Laws of Florida, the Legislature authorized a certain proportion of the stockholders by vote to dispose of all the assets of a corporation and provided certain proceedings of the opposed stockholders to have their shares valued and paid for. The bill does not make the case of a sale of all the assets; on the contrary, it alleges that the particular property is not all the assets. In any event it is doubtful whether the Legislature could make the law of 1919, giving power to the holders of a majority or three-fourths of the shares of a solvent and going corporation to dispose of the assets of the corporation formed and existing prior to the passage of the law. But I do not see how the chapter could apply in this case. If it does not, then the individual stockholders are not proper parties. The corporation is the legal entity to be bound; the stockholders have an interest in the corporation; but this interest, as I understand, is not such an interest as to make them proper or necessary parties to a proceeding against the corporation in a case of this kind.

The motion to dismiss will be therefore granted. It will be so ordered.